## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CAMBRIDGE and MARY PENATZER, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) | **COMPLAINT—CLASS ACTION** |
| | ) ) | |
| Plaintiffs, | ) ) | **JURY TRIAL DEMANDED** |
| | ) ) | Case No. |
| v. | ) ) | |
| SHEETZ, INC. | ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

Plaintiffs William Cambridge ("Cambridge") and Mary Penatzer ("Penatzer") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, file this Collective and Class Action Complaint (the "Complaint") against Defendant Sheetz, Inc. ("Sheetz" or "Defendant"), seeking all available relief for Defendant's unlawful conduct under both the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.* ("PMWA"). The following allegations are based upon Plaintiffs' personal knowledge and belief and are made upon information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiffs allege on behalf of themselves and other current and former Assistant Managers ( "AMs" or "Assistant Managers") and similarly situated current and former employees holding comparable positions but different titles, who were or currently are employed by Defendant in the United States who elect to opt into this action pursuant to the Fair Labor

Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or

Collective Action Members"), that they are entitled to, *inter alia*: (i) all unpaid overtime wages

for hours worked in excess of forty (40) in a workweek, as required by law; and (ii) all other

available compensatory and liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2.     This action also seeks to recover unpaid overtime compensation under the PMWA

pursuant to Fed. R. Civ. P. 23 on behalf of all AMs who worked more than 40 hours in any

workweek at any Sheetz store in Pennsylvania between September 12, 2014 and the date of

judgment in this matter, pursuant to Fed. R. Civ. P. 23 ("Pennsylvania Class" or "Pennsylvania

Class Members").

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims

under the PMWA pursuant to 28 U.S.C. § 1367.

4.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the

actions, events, and/or omissions giving rise to the claims occurred in this District.  Plaintiffs

Cambridge and Penatzer reside in this District.

5.     Defendant regularly conducts business in this district.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

### I.   *The Plaintiffs*

7.     Plaintiff William Cambridge is an adult citizen of Pennsylvania residing in Tyrone,

Pennsylvania.

8.      Cambridge was employed by Sheetz from in or around 2012 through June 2015 as an AM in a Sheetz located in State College, Pennsylvania.

9.      Plaintiff Mary Penatzer is an adult citizen of Pennsylvania residing in Greensburg, Pennsylvania.

10.     Penatzer was employed as an AM by Sheetz from in or around May 2013 through January 2015 at two different stores located in Johnstown, Pennsylvania (at the Broad Street store and Elton Road store) and in Monroeville, Pennsylvania.

## II.     *Defendant*

11.     Sheetz, Inc. is a corporation, organized and existing under the laws of Pennsylvania, with its corporate headquarters located at 5700 6th Avenue, Altoona, Pennsylvania, 16602.

12.     Sheetz, Inc. does business under the name Sheetz.

13.     Sheetz operated and continues to operate over 500 retail locations in Pennsylvania, North Carolina, Maryland, Ohio, Virginia, and West Virginia.

14.     In 2015, Sheetz was ranked 56th on the Forbes Magazine list of the largest private companies, with annual sales in excess of $6 billion dollars.

15.     Sheetz employs/employed Plaintiffs and other similarly situated current and former AMs at its Sheetz locations in Pennsylvania, North Carolina, Maryland, Ohio, Virginia and West Virginia.

16.     At all relevant times, Plaintiffs and the Pennsylvania Class Members were all considered "employees" and were "employed" by Sheetz under 43 P.S. §§ 333.103(f), (h).

17.     At all relevant times, Sheetz has been and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and 43 P.S. § 333.103(g).

3

18.     Defendant is an employer as defined by and covered by the overtime pay mandates of the PMWA.

19.     At all times relevant, Sheetz, Inc., has been an enterprise within the meaning of 29 U.S.C. § 203(r).

20.     At all relevant times, Defendant was/is an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.

21.     Defendant has a gross volume of sales made or business done of not less than $500,000.00.

22.     At all relevant times, Plaintiffs and the Collective Action Members were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

23.     Sheetz issued paychecks to the Plaintiffs the Collective and the Pennsylvania Class Members during their employment.

24.     Sheetz, paid the Plaintiffs, and the Collective on a salary basis exempt from overtime.

25.     Sheetz paid the Plaintiffs, and the Pennsylvania Class Members on a salary basis exempt from overtime.

26.     Sheetz directed the work of Plaintiffs, the Collective and the Pennsylvania Class Members.

27.     Sheetz directly benefited from the work the Plaintiffs, the Collective and the Pennsylvania Class Members performed.

28.     Plaintiffs, the Collective, and the Pennsylvania Class Members worked in excess of forty (40) hours per workweek.

29.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

30.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the PMWA.

31.     Pursuant to Defendant's policy, practice, or a pattern of behavior, Defendant did not pay Plaintiffs, the Collective, and the Pennsylvania Class Members proper, over time wages.

32.     Pursuant to Defendant's policy, practice, and/or a pattern of behavior, Defendant did not pay Plaintiffs, the Collective, and the Pennsylvania Class Members proper overtime wages for hours they worked for Defendant's benefit in excess of forty (40) hours in a workweek.

## FACTUAL ALLEGATIONS

33.     Defendant employs and/or employed Plaintiffs and the Collective Action members and the Pennsylvania Class Members as AMs.

34.     Defendant maintained control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiffs, the Collective, and the Pennsylvania Class Members

35.     Plaintiffs, the Collective and Pennsylvania Class Members, performed work as AMs that was integrated into the normal course of Defendant's business.

36.     Consistent with Defendant's policy, pattern and/or practice, Plaintiffs, the Collective, and the Pennsylvania Class Members regularly worked in excess of forty (40) hours

per workweek without being paid overtime wages in violation of the FLSA and Pennsylvania Law.

37.     Defendant scheduled the AMs to work 45 hours per week but Plaintiffs worked approximately 50 to 55 hours per week during each week in which they worked five or more shifts, and were not paid for the hours worked in excess of forty (40).  For example, Plaintiff Cambridge during the week of May 17, 2015 through May 23, 2015 worked approximately 53 hours.

38.     Plaintiff Penatzer worked approximately 50 to 55 hours or more a week during each week in which she worked five or more shifts, and was not paid for the hours worked in excess of forty (40).  For example, Plaintiff Penatzer during the week of November 1, 2015 through November 7, 2015, worked approximately 53 hours.

39.     The number of shifts Plaintiffs and each Collective and Pennsylvania Class Member, worked per week can be ascertained from Defendant's records.

40.     Sheetz assigned all of the work performed by Plaintiffs, the Collective and Pennsylvania Class Members, and is aware of all the work that they have performed.

41.     This work required little skill and no capital investment.  Nor did it include managerial responsibilities or the exercise of meaningful independent judgment and discretion concerning matters of significance.

42.     Throughout the Collective Action and Class Action Period (as defined herein) Plaintiffs, the Collective and Pennsylvania Class Members performed the same primary job duties: working the cash registers, making deli sandwiches, stocking shelves, cleaning the store, assisting customers, unpacking merchandise, and other manual tasks.

43.     Throughout the Collective Action Period, and the Pennsylvania Class Action Period, the primary job duties of Plaintiffs, the Collective and Pennsylvania Class Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

44.     The primary job duties of Plaintiffs, the Collective, and the Pennsylvania Class Members did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's working hours

45.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Sheetz classified all AMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA and Pennsylvania law.

46.     Upon information and belief, Sheetz did not perform a person-by-person analysis of the job duties of AMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and Pennsylvania law.

47.     Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs and similarly situated AMs worked.  The wages of Defendants' store-level employees were deducted from the labor budgets. However, Defendant did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each store. Defendant knew or recklessly disregarded the fact that the underfunding of store labor budgets resulted in Plaintiffs and other similarly situated AMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime

compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

48.     Defendants knew, by virtue of the fact that their Store Managers and District Managers (as its authorized agents) actually saw Plaintiffs and other similarly situated AMs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient). Defendant knew that Plaintiffs and other similarly situated AMs were performing the work of non-exempt employees and, based on their actual job duties, AMs did not fall within any FLSA exemptions or those of Pennsylvania law.  Inasmuch as Sheetz is a substantial corporate entity aware of its obligations under the FLSA and the laws of the states where they operate, it acted willfully and/or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

49.     Defendant did not provide sufficient resources in its labor budgets for non-exempt employees to complete all the non-exempt tasks in each store.

50.     Defendant was aware or should have been aware, through Store Managers and District Managers (as their authorized agents), that AMs were primarily performing non-exempt duties. As a retailer operating over 500 stores in multiple states, Defendant knew or recklessly disregarded the fact that the FLSA and Pennsylvania law required Defendant to pay non-exempt employees an overtime premium for hours worked in excess of 40 hours per workweek.

51.     Defendant's unlawful conduct, as described above, was willful and/or in reckless disregard of the FLSA, and the PMWA was accomplished through the Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and related Pennsylvania laws.

52.     As part of its regular business practice, Sheetz has intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA and related Pennsylvania laws, with respect to Plaintiffs, and the members of the Collective and the Pennsylvania Class.  This policy, pattern, and practice includes, but it is not limited to Sheetz's knowledge of its obligations and the kind of work that Plaintiffs, the Collective and Pennsylvania Class members were and, have been performing, and that as a result, Defendant has:

a.     willfully misclassifying Plaintiffs, the Collective and the Pennsylvania Class Members as exempt from the overtime requirements of the FLSA and the PMWA;

b.     willfully failing to pay Plaintiffs, the Collective and the Pennsylvania Class Members overtime wages for hours they worked in excess of forty (40) hours per week; and willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its AMs to perform such non-exempt tasks.

53.     Defendant's willful violations of the FLSA, and the PMWA are further demonstrated by the fact that during the course of the Collective Action Period, the State Class period and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiffs, the members of the Collective and the Pennsylvania Class Members. Defendant acted recklessly or in willful disregard of the FLSA, and the PMWA by instituting a policy and/or practice that did not allow Plaintiffs to record all hours worked.

54.     During the course of the Collective and State Class Action Periods, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime wage

requirements, as provided under the FLSA and the PMWA.  This failure to post or keep posted notices explaining the minimum wage, overtime wages, and other labor protections was willful and/or in reckless disregard of the rights of the Plaintiffs, the Collective Action Members, and the Pennsylvania Class Members under the FLSA, and the PMWA.

55.     Due to the foregoing, Sheetz's failure to pay overtime wages for work performed by the Collective and Pennsylvania Class Members in excess of forty (40) hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Sheetz as AMs and individuals holding comparable salaried positions with different titles employed by Defendant within the United States at any time three years prior to the date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

57.     Sheetz is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and other similarly situated employees.

58.     Upon information and belief, there are likely many similarly situated current and former AMs who have not been paid overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

59.     The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

60.    Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiffs Cambridge and Penatzer bring this action under the PMWA on behalf of all persons who were employed by Defendant at any time since September 12, 2014, in the State of Pennsylvania, to the date of final disposition of this action (the "Pennsylvania Class Period"), on behalf of all persons who were employed by as Assistant Managers and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the PMWA and who have not been paid for all hours worked by them as well as overtime wages in violation of the PMWA.

61.    The Rule 23 Class that Plaintiff Cambridge and Penatzer ("Pennsylvania Class" or Pennsylvania Class Members") seeks to identify includes:

> Current and former employees of Defendant who, at any time within the three (3) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendant in the position of Assistant Manager and/or employees holding comparable positions but different titles in a Sheetz store located in the State of Pennsylvania, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages, and were not properly issued accurate wage statements each pay period (the "Pennsylvania Class" or "Pennsylvania Class Members").

62.    This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.

63.    Under Fed. R. Civ. P. 23(b)(3), a Plaintiff must plead that:

    a.    The class is so numerous that joinder is impracticable;
    b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
    c.    Claims or defenses of the representative are typical of the class;
    d.    The representative will fairly and adequately protect the class; and,
    e.    A class action is superior to other methods of adjudication.

### Numerosity

64.     The persons identified as Class Members above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number can be made are presently within the sole control of Defendant, upon information and belief, there are at least 40 Class Members during the Class Periods.

Common Questions of Law and/or Fact

65.     There are common questions of law and fact that govern the claims that are available to each Class Member, including, but not limited to the following: There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.   whether Defendant has a policy of misclassifying AMs as "exempt" employees and denied them overtime compensation;

    b.   whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c.   what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

    d.   whether Defendant failed and/or refused to pay Plaintiffs and the Class Members overtime pay for hours worked in excess of forty (40) hours per work week within the Pennsylvania Minimum Wage Act, and all supporting regulations;

    e.   the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

    f.   whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive, treble and statutory damages, interest, attorneys' fees, costs and disbursements; and

    g.   whether Defendant acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all the Class Members.

Typicality of Claims and/or Defenses

66.     The claims of Plaintiffs are typical of the claims of the Class Action Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the Defendant.

Adequacy

67.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

68.     Plaintiffs have the same interests in this matter as all other Class Members, and Plaintiffs' claims are typical of the Class and thus would properly and adequately represent the current and former employees whom Defendant subjected to the treatment alleged herein.

Superiority

69.     Plaintiffs' claims are typical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiffs identically, or at the very least, substantially-similarly, to the Class Members.

70.     Any lawsuit brought by a salaried AMs of Defendant's would be identical to a suit brought by any salaried AM for the same violations. Thus, separate litigation would risk inconsistent results.

71.     Accordingly, this means of protecting the Class Members' rights is superior to any other method, and this action is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

72.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

73.     Plaintiffs Cambridge and Penatzer brings this action under the PMWA on behalf of all persons who were employed by Defendant during the Pennsylvania Class Period (As defined above), who were employed by Defendant as AMs and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the PMWA and who have not been paid for all hours worked by them as well as overtime wages in violation of the PMWA.

74.     This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.

75.     The class is so numerous that joinder of all individual members is impracticable.

76.     Defendant's conduct with respect to Plaintiffs and the Pennsylvania Class raises questions of law and fact that are common to the entire class.  Such as whether Sheetz employed Plaintiffs Cambridge and Penatzer and all members of the Pennsylvania Class within the meaning of the PMWA; the nature and extent of the class-wide injury and the appropriate measure of damages for the Class; whether Sheetz has a policy of misclassifying AMs as exempt from coverage of the overtime provisions of the PMWA; whether Sheetz failed to pay Plaintiffs Cambridge and Penatzer and all members of the Pennsylvania Class the legally required amount of overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the PMWA; and whether Sheetz is liable for all damages claimed by Plaintiffs Cambridge and Penatzer and all members of the Pennsylvania Class.

77.     Plaintiffs Cambridge and Penatzer claims and Defendant's anticipated defenses are typical of the claims or defenses applicable to the entire class.

78.     Plaintiffs Cambridge and Penatzer interests in pursuing this lawsuit are aligned with the interests of the entire Pennsylvania Class.

79.     Plaintiffs Cambridge and Penatzer will fairly and adequately protect the
Pennsylvania Class Members' interests because they and their experienced and well-resourced
counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on
behalf of all class members.

80.     A class action provides the fairest and most efficient method for adjudicating the
legal claims of all Pennsylvania Class Members.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiffs and All Collective Action Members)**

81.     Plaintiffs on behalf of themselves and all Collective Class Members, hereby
reallege and incorporate by reference paragraphs 1 through 80 as if set forth again herein.

82.     At all relevant times, Defendant has been, and continues to be, an employer
engaged in interstate commerce and/or the production of goods for commerce, within the
meaning of the FLSA, including but not limited to 29 U.S.C. §§ 206(a) and 207(a).

83.     At all relevant times, Defendant employed Plaintiffs, and employed or continue to
employ, each of the Collective Action Members within the meaning of the FLSA, including but
not limited to 29 U.S.C. 203(g).

84.     Sheetz has engaged in a widespread pattern and practice of violating the
provisions and requirements of the FLSA, as described throughout this Complaint.

85.     Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. §
216(b).  *See* Exhibit A.

86.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.,* apply to
Sheetz.

87.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay overtime compensation to its AMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of forty (40) hours per workweek.

88.     As a result of Defendant's willful failure to properly compensate Plaintiffs and Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.,* including, 29 U.S.C. §§ 207(a)(1) and 215(a).

89.     As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the Collective Action Members, Defendant failed to make, keep, and/or preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

90.     As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its stores, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

91.     Due to Defendant's (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and Collective Action Members, (c) actual knowledge, through its Store Managers that the primary duties of Plaintiffs and the Collective Action Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action

Members' job duties to ensure that they were performing exempt job duties, (e) policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, and Defendant's failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

92.     As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to (a) recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

93.     Sheetz's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**PENNSYLVANIA MINIMUM WAGE ACT:  UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiffs and the**
**Pennsylvania Class Action Members)**

94.     Plaintiffs on behalf of themselves and the Pennsylvania Class Members, hereby reallege and incorporate by reference paragraphs 1 through 93 as if set forth again herein.

95.     The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek.  43 P.S. § 333.104(c).

96.     Defendant's failure to pay, Plaintiffs, Cambridge and Penatzer on behalf of themselves and the members of the Pennsylvania Class, overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the

forty (40) hour workweek, is a violation of the Pennsylvania Labor Laws, including without

limitation: The statutory wage laws of Pennsylvania including the Pennsylvania Minimum

Wage Act, 43 P.S. §§ 333.101, *et seq*.; as well as the common law doctrines of breach of

contract, unjust enrichment and quantum meruit.

97.     Due to Defendants' violations of the Pennsylvania Labor Laws Cambridge and

Penatzer on behalf of themselves and the members of the Pennsylvania Class, are entitled to

recover from Defendants their unpaid wages and overtime compensation, all applicable

statutory damages, reasonable attorneys' fees, and costs and disbursements of this action,

pursuant to the Labor Laws of Pennsylvania.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the Collective Action Members and the Pennsylvania Class are

entitled to and pray for the following relief:

a.     Designation of this action as an FLSA Collective Action Class and prompt

issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated

members Collective Action Members, apprising them of the pendency of this

action, permitting them to assert timely FLSA claims in this action by filing

individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.     Equitable tolling of the FLSA statute of limitations as a result of the Defendant

failing to post requisite notices under the FLSA;

c.     A declaratory judgment that the Defendant's practices complained of are unlawful

under the FLSA and Pennsylvania State Law;

d.     Certification of this action as a class action on behalf of the Pennsylvania Class

Members pursuant to Fed. R. Civ. P. 23(b)(2) and (3) and prompt issuance of a

notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

e.  Approval of Plaintiffs Cambridge and Penatzer as representatives of the collective and the Pennsylvania Class for which certification is sought and their counsel as representatives of the Collective and Pennsylvania Class Members;

f.  An award of unpaid wages for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA and the PMWA, *see, e.g.*, 29 U.S.C. 216(b), 43 P.S. 333.104(c), using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5.

g.  An award of liquidated, punitive, treble damages, and/or civil penalties as a result of Sheetz's willful failure to pay Plaintiffs and the Collective and State Class Class for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. §§ 216(b), (e)(2) and Pennsylvania State Laws;

h.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i.  An injunction against Defendant to cease their unlawful practices;

j.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys', expert fees and an award of a service payment to the Plaintiffs; and

m.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs, the Collective Action Members and all members of the State Class demand a trial by jury on all questions of fact raised by the Complaint.

Dated September 13, 2017

                                Respectfully submitted,

By:    /s/ David S. Senoff
David S. Senoff
Clayton P. Flaherty*
ANAPOLWEISS
One Logan Square
130 N. 18th Street
Suite 1600
Philadelphia, PA 19103
(215) 735-1130
dsenoff@anapolweiss.com
cflaherty@anapolweiss.com*

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
mhepworth@hgrlawyers.com
cgershbaum@hgrlawyers.com
droth@hgrlawyers.com
rpredovan@hgrlawyers.com

**Attorneys for Plaintiffs, Collective and the Pennsylvania Class**

*pro hac vice* application forth coming