IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CAMBRIDGE, and MARY PENATZER, individually and on behalf of all other persons similarly situated, | : | 1:17-cv-1649-JEJ |
| v. | : | |
| SHEETZ, INC. | | |

**DECLARATION OF MARC S. HEPWORTH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL**

MARC S. HEPWORTH, an attorney admitted to the bar of this Court *pro hac vice*, declares, under penalty of perjury that:

1. I am a partner Hepworth Gershbaum & Roth PLLC, who along with Anapol Weiss, are counsel for Plaintiffs, William Cambridge and Mary Penatzer, individually and on behalf of all other persons similarly situated, and the opt-in Plaintiffs (collectively, "Plaintiffs").

2. I am fully familiar with the facts and circumstances set forth herein, and I make this Declaration in support of Plaintiffs' Motion for Final Approval of the Settlement.

3. Annexed hereto as Exhibit 1 is a true and correct copy of the fully executed Settlement Agreement.

i. Annexed as Exhibit A to the Settlement Agreement is a true and correct copy of a list of all FLSA Class Members, as defined in Section 1.6 of the Settlement Agreement.

ii. Annexed as Exhibit B to the Settlement Agreement is a true and correct copy of a list of all Pennsylvania Rule 23 Class Members, as defined in Section 1.8 of the Settlement Agreement.

iii. Annexed as Exhibit C to the Settlement Agreement is a true and correct copy of the proposed Preliminary Approval Order.

iv. Annexed as Exhibit D to the Settlement Agreement is a true and correct copy of the proposed Final Approval Order, which has been revised to include the new Local Class Counsel, Gregory Spizer, at Anapol Weiss.

v. Annexed as Exhibit E to the Settlement Agreement is a true and correct copy of the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

vi. Annexed as Exhibit F to the Settlement Agreement is a true and correct copy of the Settlement Class Member Amount.

4. My firm investigated the claims contained in the complaint and

Plaintiffs filed the original operative pleading in this action (herein "Complaint") in this action on September 13, 2017.

5. On November 2, 2017, Defendant answered.

6. On January 8, 2016, Defendant changed the classification of Assistant Managers ("AMs") from exempt to non-exempt.

7. On December 22, 2017, Plaintiffs moved for conditional certification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), without the benefit of paper discovery or depositions. *See* Dkt. No. 25.

8. On March 6, 2018, this Court granted Plaintiffs' motion for conditional certification and notice was sent out shortly thereafter to prospective collective members. *See* Dkt. No. 43.

9. The Court-authorized notice provided that if an individual elected to join the Action, he or she would be "bound by any adjudication of this action by the court, whether it is favorable or unfavorable, or any settlement of this lawsuit that the Court reviews and determines to be fair and reasonable" and that he or she "specifically authorize[s] Plaintiff and the attorneys at Hepworth, Gershbaum & Roth, PLLC and Anapol Weiss, ("the Firms") to act as my agents, to represent me, and to make decisions on my behalf concerning the litigaton and any settlement of the claims I have against the Defendant in this lawsuit." Dkt. No. 43.

10. On March 19, 2018, Plaintiffs' Counsel sent the Court-authorized notice to approximately 1,178 current and/or former Assistant Managers ("AMs") of Sheetz.

11. At the end of the notice process, a total of approximately two hundred thirty-five (235) Sheetz AMs had opted-in to this litigation. *See* Dkt. Nos. 44-54, 56-77, 79.

12. On April 16, 2018, the parties stipulated to stay formal discovery pending mediation, which mediation would occur by August 2018. *See* Dkt. No. 55.

13. Plaintiffs' counsel investigated this case extensively and, in preparation for mediation, Plaintiffs and Defendant engaged in extensive review of actual hours worked punch data and pay records of opt-in plaintiffs and putative Rule 23 class members.

14. Further, in preparation for mediation, Plaintiffs analyzed Excel spreadsheets containing payroll data with over 30,000 rows relating to the work weeks and damages for the collective and class members.

15. On August 16, 2018, the parties engaged in a mediation before Carole Katz, Esq., a mediator experienced with wage and hour class action cases.

16. The case did not settle at mediation and in fact took continued extensive and sometimes heated negotiation between Class Counsel and

Defendant's counsel to come to an agreement about two months later.

17. While settlement negotiations were going on, Class Counsel was negotiating second phase discovery and actively speaking with the collective members of the class in preparation if the case did not in fact settle.

18. Ultimately and on October 16, 2018, the parties reached a settlement in principal, with Defendant agreeing to pay a Maximum Gross Settlement Amount of $1,800,000.00.

19. During the mediation and subsequent negotiations, Plaintiffs' counsel considered all issues relevant to a class settlement, including the likelihood of success on the merits, the extent to which the class members are similarly situated, the expense and substantial risks that each side would have faced if the litigation had continued, and the likelihood that Plaintiffs and the class would be able to recover a larger judgment against Defendant.

20. There are approximately 612 members of the Rule 23 class, 235 FLSA Class Members, and 722 total class members in either the Rule 23 class or FLSA class or both.

21. Using what Class Counsel believes to be a reasonable set of assumptions (Defendant disputes these figures) Plaintiffs estimate that damages range from approximately $25,000.00 (assuming a three-year statute of limitations period for the named plaintiffs, a two-year statute of limitations period

for the FLSA opt-ins, no Rule 23 class certification, even without decertification of the FLSA collective, and no liquidated damages) to approximately $5,958,654.00 (assuming Rule 23 class certification, no decertification of the FLSA collective, a three-year statute of limitations period for FLSA opt-ins, no fluctuating workweek, and no liquidated damages).

22. Plaintiffs covered by the settlement who will be receiving approximately $1,619.28 after reductions for the proposed attorney's fees and costs, service payments, and administrator costs, while before those deductions the average award is approximately $2,493.07.

23. While there were two exclusions, there were no objections to the settlement.

24. Throughout the duration of this case, HGR performed many tasks including, but not limited to: (1) investigated the Plaintiffs' potential overtime claims, drafted, prepared and filed the Complaint; (2) researched and analyzed the relevant law based upon the information initially provided by the clients concerning their job duties as AMs; (3) interviewed Plaintiffs and reviewed documents provided by the Plaintiffs so as to get a better understanding of internal paperwork that would support the claims in the case; (4) compared and contrasted this case to other misclassification cases; (5) reviewed and analyzed various policies of Sheetz, Inc., including its policy of not paying AMs overtime

and reviewed documents provided by Plaintiffs; (6) performed legal research regarding Sheetz, Inc.'s potential defenses; (7) reviewed and researched other similar cases brought against convenience stores over the years in anticipation of the good faith defense; (8) researched and considered the viability of a collective action versus a class action against Sheetz, Inc., or bringing the matter as a hybrid claim; (9) researched and considered the issues as to venue and standalone Rule 23 claims; (10) drafted and filed multiple Pro Hac Vice Motions; (12) reviewed Defendant's Corporate Disclosure; (13) reviewed Defendant's answer and defenses; (14) met and conferred with the Defendant for the Rule 26(f) report; (15) drafted initial disclosures and served same on Defendant; (16) ascertained that the AM position had been re-classified as non-exempt and immediately researched early conditional certification motion (17) researched the factual and legal underpinnings relative to, and thereupon preparing and drafting, and revising and finalizing, the motion for conditional certification; (18) contacted multiple Plaintiffs and prepared and drafted multiple declarations in support of conditional certification motion; (19) reviewed and discussed the Defendant's opposition to the motion for conditional certification;(20) drafted/edited the reply to Defendant's opposition to the motion for conditional certification; (21) reviewed Defendant's motion for leave to file a sur-reply to motion for conditional certification; (22) drafted/edited opposition to Defendant's motion for

leave to file a sur-reply to motion for conditional certification; (23) after the motion for conditional certification was granted prepared and edited the notice and consent and worked with the claims administrator to send out the notice; (24) reviewed and filed the notices of consents; (25) followed up with claims administrator as to notices; (26) handled questions from opt-ins about the state of the lawsuit; (27) interviewed opt-ins to prepare for second-phase discovery; (28) spoke to opt-ins respecting preparation for ESI discovery and discovery strategy, such as what documents to request in discovery; (27) prepared for and traveled to Pittsburgh, PA to attend mediation; (28) engaged in extensive review of actual hours worked punch data and pay records of opt-in plaintiffs and putative Rule 23 class members in preparation for mediation; (29) analyzed Excel spreadsheets containing payroll data with over 30,000 rows relating to the work weeks and damages for the collective and class members in preparation for mediation; (30) interviewed witnesses in preparation for mediation; (31) revised settlement agreement and researched proposed provisions; (32) revised class notice; (33) revised preliminary approval order; (34) revised final approval order; (35) reviewed and corrected discrepancies in class lists of FLSA Class Members and Pennsylvania Rule 23 Class Members; (36) instructed and interfaced with settlement administrator respecting individual settlement calculations; (37) drafted, revised and filed motion for preliminary approval; (38) drafted, revised

and filed motion for final approval; (39) made numerous reviews of the spreadsheets containing the class and collective members to make sure that all the people who were entitled to money were on the list to be paid; (41) stayed in constant communication with named Plaintiffs and Opt-in Plaintiffs regarding the AM position.

25. Hepworth, Gershbaum & Roth, PLLC, is experienced in FLSA and wage and hour litigation. The firm, and particularly its attorneys involved in this case have, in the past several years, successfully litigated to conclusion FLSA/state wage and hour collective/class actions, and individual suits and settlements that, to date, exceed 84 million dollars and approach 100 million dollars. Some of the other cases involving wage and hour class actions that Hepworth, Gershbaum & Roth, PLLC have been involved are as follows: *Youngblood v. Family Dollar,* 1:09-cv-03176 (S.D.N.Y) (co-counsel in a misclassification store manager case, wherein the Rule 23 case was certified and subsequently settled for 14 million); *Hegab v. Family Dollar Stores, Inc.*, 1:11-cv-01206 (D.N.J.) (co-lead counsel on a wage and hour misclassification matter settled for $1,150,000); *Fermin v. Rite Aid of New York, Inc.*, 1:08-cv-11364 (S.D.N.Y.) (co-lead counsel on a wage and hour misclassification matter, settled as part of *Craig v. Rite Aid,* 4:08-cv-02317(S.D.N.Y.) for ($20,900,000.00)*; Ibea v. Rite Aid Corporation,* 1:11-cv-5260 (S.D.N.Y) (co-counsel on a

misclassification case certified under FLSA 216(b) as a collective action, settled as part of *Craig v. Rite Aid,* 4:08-cv-02317(S.D.N.Y.) included in the $20,900,000.00)*; Cunningham v. EDS,* 1:06-cv-5260 (S.D.N.Y) (co-lead counsel on a misclassification case certified under FLSA 216(b) as a collective action and settled for a Maximum Gross Settlement Amount of $11,800,000.00); *Costello, et. al. v. Kohl's Illinois Inc. et. al.,* 1:13-cv-1359 (S.D.N.Y.) (lead counsel on a wage and hour misclassification case certified under FLSA 216(b) as a collective action and settled for $4,000,000.00); *Ferreira v. Modell's et al.*, 1:11-cv-02395 (S.D.N.Y.) (co-lead counsel on a wage and hour misclassification case certified under FLSA 216(b) as a collective action, settled); *Charles v. Nationwide Mutual Insurance Company, Inc.,* 1:09-cv-0094 (E.D.N.Y) (co-lead counsel on a wage and hour "off the clock" claim, settled); *Morales, et al., v. Sovereign Bank,* Case No.: 13 160 02098 11 (co-lead counsel on a wage and hour misclassification case settled for $1,450,000.00 via mandatory arbitration); *"Doe's" v. "Smith" Corporation*, (a confidential seven figure settlement for five African Americans subjected to employment discrimination on the basis of their race); *Ogaian v. Bed Bath and Beyond, Inc., et al*., 12-cv-01273 (S.D.N.Y.)(co-lead counsel on a wage and hour misclassification matter, settled); *Dickerson-Muhammed v. West Customer Management Group, LLC.*, Index No. 21322/2008 (Sup. Ct. County of Queens) (co-lead counsel on a wage and hour case resolved under a

confidentiality agreement); *Caballero v. Zaloumis Contracting Service, et al.*, 1:11-cv-01121 (S.D.N.Y.) (co-lead counsel on a wage and hour matter resolved); *McKee v. Petsmart, Inc.*, 1:12-cv-01117 (D. Del.)(co-lead counsel on a wage and hour misclassification, certified under FLSA 216(b) as a collective action; and settled for $3,800,000.00); and *Bedoya, et. al. v. Level 42 Associates, LLC et al., 14-cv-01333* (S.D.N.Y.) (counsel on a wage and hour collective and class action, settled). Other matters wherein our firm is lead or co-counsel include: *Kellgren v. Petco Animal Supplies, Inc.,* 3:13-cv-00644 (S.D. Ca) (co-lead counsel on a wage and hour misclassification case certified under FLSA 216(b) settled for $7,995,000.00)*; Burns v. The TJX Companies, Inc.,* (D. Mass.) (co-lead counsel on a wage and hour collective and class action, settlement approval on the training portion of the case for $4,750,000.00); *Lapan v. Dick's Sporting Goods, Inc.*, No. 13-cv-11390 (D. Ma.), Dkt. Nos. 214, 220 (co-counsel on misclassification case that settled for $10,000,000.00); *Halleen, et al. v. Belk Corporation, et al.*, 3:13-cv-04116 (D.N.J)(co-lead counsel on a wage and hour misclassification case certified under FLSA 216(b) as a collective action, settled for $2,800,000.00); *McEarchen, et al. v. Urban Outfitters, Inc.*, 13-cv-3569 (E.D.N.Y.*)*(co-lead counsel on a wage and hour misclassification case certified under FLSA 216(b) as a collective action, case currently pending settlement approval); *Gervasio, et al. v. Wawa, Inc.*, No. 13-cv-245 (D. N.J.) (co-lead

counsel on a wage and hour misclassification case certified under FLSA 216(b) as a collective action, case currently pending approval of settlement for $1,400,000.00); *Martinez De Rodriguez, et al. v. All Care Home Health Services LLC*, No. 509728/2016 (N.Y. Sup. Ct., Kings Co.) (lead counsel on wage and hour class action settled for $2,400,000.00, where parties are in the process of submitting preliminary approval papers); *Maar, et al. v. Beall's, Inc.*, No. 16-cv-14121 (S.D. Fla.) (co-lead counsel on a wage and hour misclassification case certified under FLSA 216(b) as a collective action which settled for $1,200,000.00). Annexed hereto as Exhibit 2 is a true and correct copy of a biography of Hepworth Gershbaum & Roth, PLLC and its attorneys, Marc S. Hepworth, David A. Roth, Charles Gershbaum, Rebecca Predovan, Janine Kapp, Joshua Cittadino and Finn Dusenbery.

26. My firm has received judicial praise for its work. Examples include: *Halleen v. Belk, Inc.*, 4:16-cv-00055 ECF No. 177 (E.D. Texas, December 20, 2018) (where the court noted that the Plaintiff's counsel are experienced labor and employment attorneys, who are well versed in litigating complex FLSA collective actions, in a particularly contentious matter); *Zhuang, et al. v. Double Kitchen LLC, et al.*, 15-CV-3858 ECF No. 82-1 (S.D.N.Y., June 16, 2017) (The court found that that class counsel was qualified and experienced); *Ferreira v. Modell's Sporting Goods, Inc., et al.*, 1:11-cv-02395 ECF No. 21 (S.D.N.Y., March 12,

2015) (Judge Batts found that the representation of class counsel is of the highest quality); *Youngblood v. Family Dollar*, 1:09-cv-03176, ECF No. 162 (S.D.N.Y. June 7, 2016) (finding that counsel, in a similar misclassification case, was qualified, experienced and had successfully litigated the action); *Costello, et. al. v. Kohl's Illinois Inc. et. al., 1:13-cv-1359*, ECF No. 185 (S.D.N.Y. January 6, 2016) (finding that Hepworth, Gershbaum and Roth, as class counsel was qualified, and experienced awarding 33 and 1/3rd as attorney's fees); *Youngblood v. Family Dollar*, 1:09-cv-03176, ECF No. 165 at 6 (S.D.N.Y. June 7, 2016) (Judge Berman, finding that counsel worked "diligently" awarded a fee 20% higher than the usual percentage awarded in similar type cases).

27. Annexed hereto as Exhibit 3 is a true and correct copy of a biography of the proposed local Plaintiffs' Class Counsel, Anapol Weiss, and its attorney Gregory Spizer, and its former attorneys David Senoff and Clayton Flaherty.

28. Annexed hereto as Exhibit 4 is a true and correct copy of mediator Carole Katz's biography from her website, www.carolekatz.com/about.

29. Defense counsel from Littler Mendelson, P.C. is well-versed in wage/hour collective and class action cases and has represented employers in cases similar to this one.

30. Class Counsel has a contingent fee arrangement in this case for (33

1/3%) thirty three and one-third percent of the gross proceeds of recovery.

31. The total number of hours spent on this litigation by my firm has been 744.28. The total lodestar amount of time based on the firm's billing rates is $471,690.00.[1] This is the rate that is charged to our clients who retain our firm by the hour. Time expended in preparing the application for fees and reimbursement of expenses has not been included in these totals. My firm's lodestar figures are based upon time records maintained by my firm and the firm's billing rates, which do not include charges for expense items. Specifically, the following attorneys and staff worked on this case, for the hours set forth below, to obtain the lodestar figures:

---

[1] This figure is based on the usual and customary rate that is charged to our clients who retain our firm by the hour. The HGR firm has been approved at similar rates in other wage and hour cases. In *Craig v. Rite Aid Corporation*, a case in which my firm was among many counsel before this Court, Your Honor previously approved partner rates upwards of $750, and, specifically, approved the rate of Marc Hepworth, David A. Roth, and Charles Gershbaum at $525.00 per hour. *See Craig v. Rite Aid Corporation*, Dkt. Nos. 571-73, 597 (M.D. Pa.). It should be noted that even at the reduced rates from nearly 7 years ago of Marc Hepworth, David A. Roth, and Charles Gershbaum of $525.00 per hour and the rates of the associates from $300.00-350.00 per hour, the lodestar would be approximately $323,068.00 and the multiplier would still be approximately 1.84, instead of approximately 1.23. Over the past many years commensurate with our firms results, experience, reputation and being named lead counsel in many cases – see the HGR bio attached as Exhibit 2 – the rates have increased and as noted earlier been approved accordingly.

| NAME | TITLE | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| .Marc S. Hepworth | Partner | 145.78 | $775.00 | $112,959.50 |
| David A. Roth | Partner | 77.6 | $850.00 | $65,960.00 |
| Charles Gershbaum | Partner | 101.7 | $825.00 | $83,902.50 |
| Rebecca Predovan | Associate | 171 | $600.00 | $102,600.00 |
| Finn Dusenbery | Associate | 166 | $475.00 | $78,850.00 |
| Janine Kapp | Associate | 13.6 | $350.00 | $4,760.00 |
| Joshua Citadino | Associate | 68.6 | $330.00 | $22,638.00 |
| TOTALS | | 744.28 | | $471,690.00 |

32. A true and correct copy of my firm's billing records are available for in camera inspection.

33. In *Kellgren, et al. v. Petco Animal Supplies, Inc., et al.*, No. 3:13-cv-644-L-KSC (S.D. Cal.), Dkt. Nos. 295, 299, on February 13, 2018, the Court approved the hourly rate of Marc S. Hepworth at $750.00; David A. Roth at $775.00; Charles Gershbaum at $775.00; Rebecca Predovan at $525.00; and Joshua Cittadino at $250.00.

34. In *Pulver v. Cafua Management Company LLC, et al.*, No. 15-cv-08022 (AKH) (S.D.N.Y.), Dkt. Nos. 81-83, on July 19, 2018, the Court approved the hourly rate of Marc S. Hepworth at $750.00; David A. Roth at $825.00; Charles Gershbaum at $775.00; Rebeca Predovan at $525.00; and Janine Kapp at

$350.00.

35. In other cases as well, courts have approved rates similar to those requested here: *McKee v. Petsmart, Inc.*, 1:12-cv-01117 (D. Del., July 25, 2015) (awarding entire fee request where the court approved hourly rates of $700.00 per hour for partners); *Fischer, et. al. v. Kmart Corp.*, 3:13-cv-04116 (D.C.N.J., November 2, 2016) (where the court approved the requested rates of the partners at $725.00 an hour and associates rates at $350.00-475.00 per hour).

36. The total number of hours spent on this litigation by the Anapol Weiss firm has been 23.00. The lodestar amount the Anapol Weiss firm, based on the firm's billing rates is $9,791.00. The Anapol Weiss firm's lodestar figures are based upon time records maintained by the firm and the firm's billing rates, which do not include charges for expense items. Specifically, the following attorneys and staff worked on this case, for the hours set forth below, to obtain the lodestar figures:

| NAME | TITLE | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| David Senoff | Partner | 10.27 | $600.00 | $6,162.00 |
| Clay Flaherty | Associate | 8.93 | $300.00 | $2,679.00 |
| Christina McNally | Legal Assistant | 3.80 | $250.00 | $950.00 |
| TOTALS | | 23.00 | | $9,791.00 |

37. A true and correct copy of Local Class Counsel Anapol Weiss's

billing records are available for in camera inspection.

38. There will certainly be additional time that will be required to administer the Settlement in the future. In Class Counsel's experience, administering settlements of this nature and size requires ongoing commitment. For example, based upon experience, such calls will continue through and beyond final approval as class members report lost checks and request new ones, raise questions about tax consequences and generally call for advice.

39. My firm incurred a total of $17,814.59 in un-reimbursed costs and expenses in connection with the prosecution of this litigation, as follows:

| | |
|---|---|
| Court fees and service of process | $958.09 |
| Third Party Administrator, collective notice | $10,590.61 |
| Transportation and meals | $3,647.46 |
| Postage/copying | $118.43 |
| Mediation expense | $2,500.00 |
| TOTAL | $17,814.59 |

40. The time records and expenses incurred in the prosecution of this case are reflected on the books and records of this firm, which are available for submission to the Court *in camera* upon request. These books and records are prepared from expense vouchers, check records and other source materials, and are

accurate regarding all the expenses incurred.

41. The fees and expenses of JND Legal Administration for administering this settlement are limited to $14,000.00 pursuant to a pricelock agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 21st day of June, 2019, in New York, New York.

*s/ Marc S. Hepworth*
Marc S. Hepworth (NY 2965812)
HEPWORTH GERSHBAUM & ROTH PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
E-mail: mhepworth@hgrlawyers.com