IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CAMBRIDGE and MARY PENATZER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>SHEETZ, INC.,<br><br>Defendant. | Civil Action No. 1:17-cv-01649-JEJ<br><br>Honorable John E. Jones, III<br><br>Complaint Filed: September 13, 2017 |

**FINAL ORDER APPROVING
CLASS AND COLLECTIVE ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Order for Final Approval of Rule 23 Class Action Settlement and Approving Settlement of FLSA Claims Pursuant to 29 U.S.C. § 216(b). Defendant does not oppose Plaintiffs' motion. For good cause shown, and as more fully explained below, the motion is GRANTED, the Agreement is APPROVED, and this Civil Action is DISMISSED WITH PREJUDICE.

1. The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on *February 27, 2019* (the "Preliminary Approval Order"). A copy of the Agreement was attached to Plaintiffs' motion for preliminary approval as an exhibit, and it is incorporated in this Order by

reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

2. On June 26, 2019 the Court conducted a Fairness Hearing to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

3. **Final Certification of the FLSA Class and Pennsylvania Rule 23 Class.** The Court finds that the proposed FLSA Class, as defined in the Agreement, meets the requirements of 29 U.S.C. § 216(b) and the proposed Pennsylvania Rule 23 Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for settlement purposes only, the Court certifies the FLSA Class consisting of the following:

> Named Plaintiffs and those individuals who filed written consents to join this action pursuant to 29 U.S.C. § 216(b) and whose claims have not been withdrawn or dismissed.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as FLSA Class Members, which is attached to the Agreement as Exhibit A.

Further, for settlement purposes only, the Court certifies the Pennsylvania Rule 23 Class consisting of the following:

> All individuals who, at any time during the period between September 12, 2014 and January 8, 2016, were employed by Defendant within the

2

Commonwealth of Pennsylvania (or otherwise subject to the protections of the Pennsylvania Minimum Wage Act, e.g., due to their working in Pennsylvania and/or being based in Pennsylvania) in the position of Assistant Store Manager.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Pennsylvania Rule 23 Class Members, which is attached to the Agreement as Exhibit B.

4. **Class Representatives.** For purposes of settlement, the Court approves Plaintiff William Cambridge and Plaintiff Mary Penatzer as the Class Representatives.

5. **Class Counsel.** For purposes of settlement, the Court appoints as Lead and Class Counsel for the FLSA Class and the Pennsylvania Rule 23 Class Marc Hepworth, David A Roth, Charles Gershbaum, and Rebecca S Predovan, of the law firm HEPWORTH, GERSHBAUM & ROTH, PLLC, 192 Lexington Avenue, Suite 802, New York, New York 10016; and as Local Class Counsel for the FLSA Class and Pennsylvania Rule 23 Class Gregory Spizer of the law firm ANAPOL WEISS, 130 N. 18th Street, Suite 1600, Philadelphia, PA 19103.

6. **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the FLSA Class Members and Pennsylvania Rule 23 Class Members. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the FLSA Class Members and Pennsylvania Rule 23 Class Members. It achieves a definite and certain result for

the benefit of the FLSA Class Members and Pennsylvania Rule 23 Class Members that is preferable to continuing litigation in which the FLSA Class Members and Pennsylvania Rule 23 Class Members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the FLSA Class Members and Pennsylvania Rule 23 Class Members excepting only those individuals, if any, who excluded themselves from the Pennsylvania Rule 23 Class in accordance with the terms of the Agreement.

7. **Notice to the Pennsylvania Rule 23 Class.** The Court determines that notice was given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Pennsylvania Rule 23 Class Members with fair and adequate notice of the terms of the Agreement and the Fairness Hearing, and of their right to exclude themselves from the class or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8. The Court finds that the Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of the claims of the Named Plaintiff, the FLSA Class Members and the

Pennsylvania Rule 23 Class Members; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement, including its release of claims in accordance with Section 5 of the Agreement.

9.  By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiffs, all FLSA Class Members, and all Participating Pennsylvania Rule 23 Class Members, are hereby irrevocably and unconditionally deemed to have forever and fully released Defendant and all Released Parties from any and all claims that were asserted or that could have been asserted in the Civil Action related to the payment of regular or overtime wages, including but not limited to all claims, demands, and causes of action for unpaid regular and/or overtime wages, penalties, liquidated damages, interest, costs, attorney's fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act, Pennsylvania Wage Payment and Collection Law, as well as any similar state or local law governing the payment of regular or overtime wages (*e.g.* the laws of Ohio, North Carolina, Virginia, Maryland, and West Virginia), arising out of work performed at any time until and including January 8, 2016 (collectively, the "Released Claims"). The Named Plaintiffs, the FLSA Class Members and the

Participating Pennsylvania Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendant or any of the Released Parties that involve or assert any of the Released Claims.

10. The Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

11. The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a collective action under the FLSA and/or a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

12. This Civil Action is DISMISSED WITH PREJUDICE.

So ordered.

_____
John E. Jones, III
UNITED STATES DISTRICT JUDGE
June 26, 2019